IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY V. KELLY,<br>          Plaintiff,<br><br>     v.<br><br>INDIANA UNIVERSITY OF<br>PENNSYLVANIA, ROBERT C.<br>CAMP, LOUISE BURKY, and<br>HELEN KENNEDY,<br>          Defendants. | Civil Action No. 04-0261 |

MEMORANDUM ORDER

Gary L. Lancaster,                                        October 31, 2005
District Judge.

      This is an employment discrimination and civil rights action. In Count I, plaintiff, Timothy V. Kelly, alleges that defendants, Indiana University of Pennsylvania ("IUP") and its employees, Robert C. Camp, Louise Burky, and Helen Kennedy, intentionally or recklessly discriminated against plaintiff because of his disability and retaliated against him for complaining about the alleged discrimination and requesting an accommodation, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §701. In Count II, plaintiff alleges that the individual defendants intentionally or recklessly deprived him of his right to due process of law and equal protection under the Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983. Plaintiff seeks compensatory damages, injunctive relief and other special relief.

Defendants have filed a motion for partial summary judgment under Fed. R. Civ. P. 56(c). Specifically, defendants argue that plaintiff's section 1983 claims (Count II) must fail because a reasonable basis existed for plaintiff's termination. Defendants do not seek summary judgment as to Count I, violation of the Rehabilitation Act of 1973. Alternatively, defendant Helen Kennedy seeks dismissal of Count II, arguing that she did nothing personally to harm plaintiff or have him fired.

In opposition to defendant's motion for summary judgment as to his section 1983 claim, plaintiff argues that material facts are in dispute as to whether a rational basis existed to terminate plaintiff. Moreover, plaintiff argues that other acts by defendants leading up to his termination also denied plaintiff equal protection under the law. Plaintiff alleges that defendants discriminated against him by denying him a computer, voice mail access, and the right to attend mandatory faculty meetings, among other things.

For the reasons that follow, the defendants' motion for partial summary judgment as to Count II will be DENIED.

I.   BACKGROUND

Unless otherwise indicated, the following facts are undisputed.

Plaintiff has a bonafide service-connected hearing disability that is attributable to his past service in the United States Navy during the Vietnam War. Plaintiff's hearing has progressively deteriorated and he wears hearing aids.

Commencing in the fall semester of 2002, plaintiff was employed as an associate professor in the business school at IUP. During plaintiff's first semester at IUP, his supervisor, defendant Louise Burky, observed plaintiff's teaching performance for her evaluation report. After class, plaintiff advised Dr. Burky that he was having difficulty hearing and being understood by students due to his hearing impairment, and suggested a room change or asking students to move to the front of the classroom. Dr. Burky advised plaintiff against telling students about his disability, and stated that a room change or change in seating arrangements would cause students to complain and would not be permitted. Plaintiff also contacted Human Resources regarding his requests for accommodations.[1] Defendant, Helen Kennedy, who is and was the Senior Human Resources Manager at IUP, eventually approved plaintiff's request for accommodation during his second semester at IUP.

---

[1] Prior to defendant's decision not to renew plaintiff's teaching position for a second year, plaintiff filed formal complaints of defendants' refusal to accommodate his disability with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

Defendant terminated plaintiff's employment in April, 2003, during his second semester as a professor. Plaintiff's termination letter stated that the decision was based on reports submitted by the chairperson, department evaluation committee and the dean, which raised serious concerns about plaintiff's teaching performance. Plaintiff admittedly received poor teaching evaluations at the close of his first semester teaching at IUP; however, he takes issue with the manner in which the evaluations were tabulated.

II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts

that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendants' motion and plaintiff's response thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes the entry of summary judgment in this matter.

III. DISCUSSION

There are several genuine issues of material fact in this case, including, whether the student evaluations - which were admittedly a key factor in defendant's decision to terminate plaintiff - were incorrectly tabulated. Plaintiff argues that

there is a discrepancy between the number of student evaluations processed and the number of students plaintiff actually had in his classes. A genuine issue of material fact also exists as to whether the student evaluations, even if correctly tabulated, were improperly considered in determining whether to renew plaintiff's position for a second year. It is also disputed whether other acts by defendants, such as denying plaintiff a computer, voice mail access, and the ability to attend mandatory faculty meetings, amounted to discriminatory treatment toward plaintiff. A jury must determine whether these and other disputed facts created a rational basis for plaintiff's termination.

There are also material facts in dispute to preclude summary judgment as to defendant Helen Kennedy. It is disputed whether Ms. Kennedy approved and authorized plaintiff's request for accommodation within a reasonable time. It is also disputed whether Ms. Kennedy delayed or ignored plaintiff's accommodation requests in such a way so as to contribute to his termination. As such, material facts remain in dispute regarding Ms. Kennedy's personal involvement or lack thereof.

IV.     CONCLUSION

Accordingly, this 31st day of October, 2005, upon consideration of defendant's motion for partial summary judgment [document 23], IT IS HEREBY ORDERED that defendant's motion is DENIED.

BY THE COURT:

_____, J.

cc:     All Counsel of Record